UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHENEE LOFTON,<br>*Plaintiff*,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER<br>OF SOCIAL SECURITY,[1]<br>*Defendant.* | 19-cv-00454 (KAD)<br><br><br><br><br>February 21, 2020 |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES (ECF NO. 19)**

Plaintiff Shenee Lofton (the "Plaintiff") moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, following this Court's order granting on consent the motion of Defendant Andrew M. Saul, Commissioner of the Social Security Administration (the "Commissioner"), to remand this matter to the agency. The Commissioner has not filed an opposition to the Plaintiff's motion and the time by which to do so has passed. For the reasons set forth below, Plaintiff's motion is GRANTED in part.

**Background**

Plaintiff filed this administrative appeal on March 27, 2019 pursuant to 42 U.S.C. § 405(g). On July 28, 2019, Plaintiff moved to reverse the Commissioner's decision denying her application for supplemental security income under the Social Security Act or, in the alternative, to remand her case to the agency for rehearing. (ECF No. 12.) On October 23, 2019, the Commissioner filed a consent motion to remand with instructions for the Administrative Law Judge "to further evaluate

---

[1] Plaintiff commenced this action against Nancy A. Berryhill as the Acting Commissioner of Social Security on March 27, 2019. (ECF No. 1.) Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Fed. R. Civ. P. 25(d), Commissioner Saul is automatically substituted for Nancy A. Berryhill as the named defendant. The Clerk of the Court is requested to amend the caption in this case accordingly.

1

claimant's mental impairments and reassess the claimant's residual functional capacity." (ECF No. 16 at 1.) This Court granted the Commissioner's motion and judgment was entered on October 24, 2019. Plaintiff now moves for attorney's fees pursuant to the EAJA.

**Legal Standard**

The EAJA provides in relevant part that:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B).

"Any fee award under the EAJA must be reasonable." *Maerkel v. Comm'r of Soc. Sec.*, No. 3:17-CV-00170 (JAM), 2020 WL 57526, at *1 (D. Conn. Jan. 6, 2020). "A reasonable fee is determined by 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *J.O. v. Astrue*, No. 3:11-CV-1768 (DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Vonaa v. Berryhill*, No. 3:17-CV-01378 (WIG), 2019 WL 2206066, at *1 (D. Conn. May 22, 2019). "This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours that are excessive, redundant, or otherwise unnecessary." *J.O.*, 2014 WL 1031666, at *1 (quotation marks and citation omitted). "Courts throughout the Second Circuit have consistently found that routine Social Security cases

require, on average, between [twenty] and [forty] hours of attorney time to prosecute." *Dupuy v. Colvin*, No. 3:14-CV-01430 (SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015) (quotation marks and citation omitted).

**Discussion**

The Court first finds that Plaintiff has satisfied the statutory criteria set forth in 28 U.S.C. §2412(d). To wit, Plaintiff is a prevailing party because the Court granted the Commissioner's Consent Motion to Remand and ordered a remand of this matter for further administrative proceedings. The Commissioner's position was not "substantially justified" and on the current record, there are no special circumstances that would make an award unjust. Finally, the Court concludes that the petition was timely filed. *See* 28 U.S.C. §2412(d)(1)(A) and (B); *Rodriguez v. Colvin*, No. 3:15-CV-01037 (JCH), 2016 WL 4126416, at *2 (D. Conn. Aug. 3, 2016). As to the last factor, final judgment was entered in this matter on October 24, 2019. For purposes of the EAJA, the thirty (30) day window within which to file a fee petition began to run when Plaintiff's time to file an appeal expired 60 days later—December 23, 2019. *See* Fed. R. App. P. 4(a)(1)(B)(ii); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff filed her motion for attorney's fees on January 21, 2020, within this thirty-day window.

As for the reasonableness inquiry, Plaintiff's counsel has submitted a fee itemization that seeks $6,915.48 in attorney's fees for 34.1 hours of attorney time, which reflects a rate of $202.80 per hour. (ECF No. 19-1.) The Court finds that the time billed for reviewing the administrative record, compiling the statement of medical facts, and drafting the brief is commensurate with counsel's experience, the size of the administrative record, and the complexity of the issues raised. However, Plaintiff seeks reimbursement for certain tasks such as reviewing standard filings and completing a consent for referral to a magistrate judge, which are "clerical tasks [that] are not

compensable under the EAJA." *Vonaa*, 2019 WL 2206066, at *2. The Court accordingly reduces the time billed by 0.8 hours for these clerical tasks. Plaintiff's counsel additionally billed: (1) 0.2 hours for reviewing a simple text order on October 2, 2019; (2) 0.5 hours to review the Commissioner's one-page motion to remand; and (3) 0.2 hours for reviewing the judgment in this matter. The Court reduces each of these entries to 0.1 hours in light of the brevity of the filings reviewed. Finally, Plaintiff seeks reimbursement for 1.2 hours of attorney time spent filing the civil coversheet and complaint and the Plaintiff's motion for leave to proceed in forma pauperis, which the Court reduces to 0.5 hours in light of the simple and formulaic nature of these tasks. All told, these reductions total 2.1 hours, reducing the fee award by $425.88.

**Conclusion**

For the reasons set forth above, Plaintiff's motion for attorney's fees is granted in part in the amount of $6,489.60.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of February 2020.

    /s/ *Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE